UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                       **ORDER**
                                                                                             19-CR-125-A

LAMARIO MILLS,

                      Defendant.

---

       The defendant, Lamario Mills, is charged in 15 counts of a 34-Count Indictment with various offenses involving sales of cocaine base and marijuana. The United States has moved pursuant to 18 U.S.C. § 3145(a)(1) to revoke a June 19, 2019 oral order of pretrial release of Magistrate Judge Jeremiah J. McCarthy that authorizes the pretrial release of defendant Mills on conditions including home detention on electronic monitoring, and $45,000 of bonds secured by $6,500 cash. *See* Dkt. Nos. 18 (minute entry) and 35.

       The Indictment against defendant Mills allegedly arises from his role in what the United States characterizes as an open-air drug market around 67 and 76 Townsend Street, Buffalo, New York. Those premises are kitty-corner on opposite sides of Townsend Street, near Peckham Street, on a part of Townsend Street that has more vacant lots and boarded-up houses than residences. The United States contends that hand-to-hand sales of cocaine base and marijuana were rampant and routine in and around these premises, and included drive-up sales in the street. The United States suggests that the drug-trafficking on Townsend Street for 10 to 14 hours a day has persisted in defiance of extensive local law enforcement efforts to stop it.

Defendant Mills faces serious charges. Count 1 alleges that the defendant participated in a drug-trafficking conspiracy in violation of 21 U.S.C. § 856 with nine co-defendants to possess with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and to use the premises at 67 and 76 Townsend Street to distribute cocaine base and marijuana in violation of 21 U.S.C. § 856(a)(1). Count 1 carries a mandatory-minimum term of imprisonment of five years and a statutory maximum of up to 40 years imprisonment. These charges, as well as the charges in Counts 2 and 3 alleging use of the premises at 67 and 76 Townsend Street in violation of 21 U.S.C. § 856(a)(1), and the charges in Counts 11, 16-20, 22-23, 27-29, and 31 of possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), are each serious enough to trigger rebuttable presumptions pursuant to 18 U.S.C. § 3142(e) that defendant Mills poses a danger to the community and a risk of flight before trial[1].

The United States has proffered that it captured defendant Mills' participation in 11 controlled buys of crack cocaine on audio and video, and that it has evidence of another controlled buy that was not recorded, all of which occurred in and around the 67 and 76 Townsend Street premises. This is strong evidence of hand-to-hand sales by the defendant.

But United States' proffer before this Court and before the Magistrate Judge in support of its motion for pretrial detention stressed that defendant Mills was a leader

---

[1] The showing of probable cause with respect to each Count necessary to trigger the presumptions is satisfied by the Indictment. *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

and a supplier of the network of drug dealers selling crack cocaine and marijuana in the vicinity of 67 and 76 Townsend Street. This portion of the United States' proffer was conclusory.

The United States proffered uncharged seizures from in an around defendant Mills alleged residence at 1985 Delaware Avenue of 813 grams of cocaine found inside a dishwasher that also contained items that could be used to cook crack cocaine, $25,000 currency, two expensive Rolex watches, and two luxury automobiles. It argued the uncharged seizure shows that the defendant was the supplier of crack cocaine to the persons who have been selling crack cocaine in the vicinity of 67 and 76 Townsend Street. It may, but the proof of the defendant's central role in the conduct charged in the Indictment is not nearly as strong as the United States proffered.

A pretrial detention hearing is not a mini-trial. *United States v. Martir*, 782 F2d 1141, 1145 (2d Cir. 1986). While the Federal Rules of Evidence do not apply, *see* 18 U.S.C. § 3142(f), the Court is sensitive to the fact that "Congress' authorization of hearsay evidence does not represent a determination that such evidence is always appropriate." *United States v. Accetturo*, 783 F.2d 382, 389 (3d Cir. 1986). And while parties to a detention hearing may proceed by proffer, *United States v. Ferranti*, 66 F.3d 540, 541 (2d Cir. 1995) (government proffer), and *Martir*, 782 F.2d at 1145 (defense proffer), a proffer must be of evidence inherently reliable enough to merit consideration just as if the parties were to conduct an evidentiary hearing on the detention motion.

The Court's discretion to allow the parties to a detention hearing to proceed by proffer includes discretion to discount an unreliable proffer, and to then release a defendant who may in fact be dangerous and a flight risk on the ground that the United States has failed to meet its burdens of proof.[2]  By the same token, a court will not ordinarily disregard an entire proffer when only parts of the proffer are unreliable, particularly in a case that is serious enough to trigger the statutory rebuttable presumptions of danger and serious flight risk at § 3142(e).  It appears that may have happened in this case.

The Magistrate Judge's pretrial release order of defendant Mills in this case imposed home detention on the defendant with electronic monitoring, and, among other conditions, it required three friends and family members to sign signature bonds of $15,000 each, secured by a total of $6,500, among other conditions.[3]  The Magistrate Judge's oral release order does not explain his reasoning, however.  Dkt. Nos. 46, pp. 11-12; 47, pp. 9-10.

If this were a motion to revoke a detention order rather than a release order, the lack of a statement of the Magistrate Judge's reasoning would likely require the detention order to be vacated.  18 U.S.C. § 3142(i); *see* AO 472 (Rev. 11/16).  A written or oral statement of reasons is not required by the Bail Reform Act when

---

[2] The United States must prove risk of flight by a preponderance of the evidence, danger to the community by clear and convincing evidence, and the absence of adequate conditions of release by the same standards, respectively.  *See* 18 U.S.C. § 3142(f); *see e.g.*, *United States v. Shakur,* 817 F.2d 189, 194-95 (2d Cir. 1987).

[3] The United States contends that the showing with respect to the proposed sureties' qualifications was inadequate.  *See* Fed. R. Crim. P. 46(e).  Defendant Mills' counsel attempts to address those concerns in a post-argument filing.  Dkt. No. 67.

4

pretrial release is ordered.  *But see* Fed. R. App. P. 9(a)(1).  Nevertheless, in light of the vagaries of the record and some of the particular concerns posed by defendant Mills' alleged conduct, the Court concludes that a statement of reasons should be prepared to allow this Court to perform its review function effectively.  *See e.g.*, *United States v. Chimurenga*, 760 F.2d 400, 406 (2d Cir. 1985); *United States v. Coleman*, 777 F.2d 888, 892 (3d Cir.1985).

Recognizing that review of the release order is *de novo, see United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985), the Court finds a statement of the Magistrate Judge's reasoning in support of his conclusions regarding the issues before the Court to be essential to permit the Court to effectively determine the issues that are raised.  For example, the Court is unable to see what the Magistrate Judge thought of the extent of the danger to the community posed by defendant Mills, if any, whether he concluded that the partially secured signature bonds mitigated the dangers, or whether he concluded that the United States had failed to carry its statutory burden to prove by clear and convincing evidence that the conditions of release are inadequate in light of the circumstances.

For these reasons, the Court vacates Magistrate Judge McCarthy's June 19, 2019 oral release order and remands the case to the Magistrate Judge for proceedings pursuant to 18 U.S.C. § 3142 to determine whether defendant Mills must be detained or released upon conditions.  Of course, the Magistrate Judge is required to make written findings if he orders pretrial detention, 18 U.S.C. § 3142(i)(1), and the Court requests that the Magistrate Judge state his findings in support of any release

order, including a statement of alternatives considered and the reasons for rejecting them, so that the Court can perform its review function with the benefit of his views.

**SO ORDERED.**

    *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: August 26, 2019