UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER** |
| v. | 19-CR-00125-RJA-JJM-2 |
| LAMARIO MILLS, | |
| Defendant. | |

_____

Familiarity with the prior proceedings is presumed. By Order dated August 26, 2019 [94], District Judge Richard J. Arcara vacated my June 19, 2019 oral release order and remanded this action to me to determine whether defendant Mills should be detained or released upon conditions. Thereafter, Mills was named in a Superseding Indictment adding five drug related counts against him ([123], Counts 35-39), and the government renewed its motion for detention. At the conclusion of the detention hearing on October 2, 2019, I ordered the defendant released on various conditions, and stated that a written decision would follow. This Decision and Order explains my reasons for that ruling.

While the newly added counts of the Superseding Indictment relate to additional transactions on June 18, 2019, they are not different in substance from the counts of the original indictment. Although the government describes Mills as one of the ringleaders of the drug conspiracy, Judge Arcara noted that "the proof of [Mills'] central role in the conduct charged . . . is not nearly as strong as the United States proffered". [94], p. 3. While the government proffers that it has evidence of multiple controlled buys involving Mills, none of those appear to be large-volume transactions. Moreover, the fact that the government did not seek to earlier arrest Mills in light of these transactions undercuts its claim that he poses a significant risk of danger to the community.

The release conditions which I have now imposed are more stringent than those which I imposed in June 2019. Instead of being released subject to a curfew, Mills will now be subject to home incarceration with electronic monitoring. He will reside with his sister and brother-in-law, LaTaisha and Alonzo Alexander, at 95 Forman St. in the City of Buffalo. The bonds which were previously imposed (totaling $45,000 secured by $6,500 cash) executed by the Alexanders and Mills fiancé, D'Andrea Parker, have been reimposed, and I am satisfied that each of these individuals are capable of meeting their financial obligations. *See* Fogg Affirmation [67], ¶10. In addition, LaTaisha Alexander has now posted her residence at 95 Forman St. (of which she is the sole owner) to the extent of $50,000. I made clear to Mills that any violation of his release conditions would not only subject him to revocation of his release, but would place his sister, brother-in-law and fiancé in serious financial jeopardy. *See* United States v. Gigante, 85 F.3d 83, 85 (2d Cir. 1996) ("a bail bond and its collateral may be forfeited not only for the defendant's failure to appear, but also for other violations of bond conditions, including the defendant's commission of a crime").

"[T]he court should bear in mind that it is only a limited group of offenders who should be denied bail pending trial." United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987). "The Bail Reform Act, by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." United States v. Barner, 743 F. Supp. 2d 225, 228 (W.D.N.Y. 2010); United States v. Madoff, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009).

Although the charges pending against Mills create a presumption in favor of detention, I conclude that the release conditions proposed by Mills and imposed by this court

have rebutted that presumption. "[T]he Bail Reform Act requires only reasonable assurance, *not* a guarantee, that the conditions will prevent danger or flight", Barner, 743 F. Supp. 2d at 233 (emphasis in original), and I am reasonably assured that the conditions which I have imposed will prevent both risk of flight and danger to the community.

Therefore, absent further order of this court, Mills' release will be effective on October 9, 2019 at 12:00 p.m.

**SO ORDERED.**

Dated: October 4, 2019

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
